IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Mar 21 2023
U.S. DISTRICT COURT
Northern District of WV

NOLTE ENTERPRISES LLC,

    Plaintiff,

v.

THE FLOORING CENTER, LLC,
CERTIFIED CARPET DISTRIBUTORS,
INC. and NEXT FLOOR, INC.,

    Defendants.

Civil Action No. **5:23-CV-105 (Bailey)**

## COMPLAINT

### Count I

### Facts

1. The Plaintiff is a West Virginia corporation with its principal place of business in Ohio County, West Virginia.

2. The Defendant, The Flooring Center, LLC, is a West Virginia corporation with its principal place of business in Ohio County, West Virginia.

3. The Defendant, Certified Carpet Distributors, Inc., is a Pennsylvania corporation doing business in the State of West Virginia, with its registered office located at 231 Haskell Drive, Verona, Pennsylvania 15147-3904.

4. The Defendant, Next Floor, Inc., is an Ontario, Canada business corporation doing business in the State of West Virginia, with its corporate office located at 1857 Sawmill Road #202, Conestogo, Ontario, N0B 1N0, Canada.

5. The Plaintiff is a family-owned corporation which owns and operates The Char

House on the Boulevard Restaurant (hereinafter The Char House) located at 1055 E. Bethlehem Blvd., Wheeling, West Virginia.

6. In the spring of 2020, the Plaintiff purchased flooring from the Defendant, The Flooring Center, LLC located in Wheeling, West Virginia.

7. The flooring that the Plaintiff selected was based upon the recommendation of The Flooring Center, LLC.

8. The Defendant, Certified Carpet Distributors, Inc., was the distributor of the subject flooring.

9. The Defendant, Next Floor, Inc., was the primary supplier and/or manufacturer of the flooring.

10. The Plaintiff installed the flooring in the early summer of 2020, prior to The Char House Restaurant's opening on July 6, 2020.

11. In late summer/early fall of 2020, the Plaintiff noticed ripples in the flooring and also noticed that seams in the flooring were separating and coming up.

12. In February of 2021, Certified Carpet Distributors, Inc., and/or Next Floor, Inc., sent an inspector to The Char House to inspect the flooring.

13. The inspector determined that the flooring was defective.

14. Thereafter, the Plaintiff was advised that Next Floor, Inc., would provide the Plaintiff with replacement flooring and that The Flooring Center, LLC, would install the replacement flooring.

15. In the spring of 2021, The Flooring Center, LLC, installed the replacement floor.

16. The Flooring Center, LLC, failed to complete the installation of the replacement floor and failed to use the correct flooring in certain locations causing the underlying wood floor

to rot.

17. Thereafter, sometime in the late fall of 2021, Plaintiff noticed the same rippling and seam separation problems with the replacement flooring and notified The Flooring Center, LLC, about the flooring problems.

18. In February of 2022, Certified Carpet Distributors, Inc., and/or Next Floor, Inc., sent their inspector back to look at the replacement flooring.

19. Thereafter, in early March of 2022, The Flooring Center, LLC contacted the Plaintiff and advised the Plaintiff that the inspector had determined that the replacement was also defective and that Next Floor, Inc., had approved another replacement of the flooring with The Flooring Center, LLC doing the installation.

20. On or about March 10, 2022, The Flooring Center, LLC sent the Plaintiff pictures of the new type of flooring to be used on the second replacement project.

21. Thereafter, Plaintiff made numerous attempts to schedule the installation of the new flooring with no response from The Flooring Center, LLC.

22. Finally, in late July 2022, The Flooring Center, LLC told the Plaintiff that they would install the new flooring on August 1, 2022.

23. On August 1, 2022, The Flooring Center, LLC failed to show up at The Char House and never contacted the Plaintiff to explain why or reschedule.

24. All throughout this period of time, the replacement floor has continued to deteriorate, creating a trip and fall hazard for The Char House's customers and employees.

25. The Plaintiff believes that the condition of the replacement flooring is a direct result of defective flooring and improper installation.

26. The Flooring Center, LLC has been put on notice of the Plaintiff's claims and has

failed to make a satisfactory cure offer to remediate the flooring problems and reimburse the Plaintiff for its damages.

27. Certified Carpet Distributors, Inc., has been put on notice of the Plaintiff's claims and has failed to make any cure offer.

28. Next Floor, Inc., has been put on notice of the Plaintiff's claims and has failed to make any cure offer.

## Count II

### Breach of Contract

29. The Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully stated herein.

30. The Defendant, The Flooring Center, LLC, agreed to supply the Plaintiff with suitable flooring for its restaurant, The Char House, and to install the flooring correctly and in a workman-like manner.

31. The Defendant, The Flooring Center, LLC, failed to supply the Plaintiff with suitable flooring and failed to install the flooring correctly and in a workman-like manner.

32. The Defendant, The Flooring Center, LLC, also failed to honor the flooring warranty by not supplying the Plaintiff with suitable replacement flooring and by not installing that flooring.

33. The acts and omissions of the Defendant, The Flooring Center, LLC, constitutes breach of contract.

## Count III

### Negligence and/or Intentional Misconduct

34. The Plaintiff incorporates paragraphs 1 through 33 of this Complaint as if fully

stated herein.

37. The Defendant, The Flooring Center, LLC, negligently failed to recommend and supply proper and suitable flooring for The Char House project.

36. The Defendant, The Flooring Center, LLC, negligently failed to properly install the subject replacement flooring.

37. The Defendant, The Flooring Center, LLC, negligently and/or intentionally failed to supply The Char House with new flooring to replace the defective flooring and negligently and/or intentionally failed to install the new flooring.

38. The acts and omissions of the Defendant, The Flooring Center, LLC, constitute negligence and/or intentional willful and/or wanton misconduct.

## Count IV

### Breach of Express Warranty and Violation of the Magnuson-Moss Warranty Act

39. The Plaintiff incorporates paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The defective replacement flooring had an Express 10 Year Commercial Warranty.

41. The Defendant, the Flooring Center, LLC, failed to honor the Express Warranty.

42. The Defendant, Certified Carpet Distributors, Inc., failed to honor the Express Warranty.

43. The Defendant, Next Floor, Inc., failed to honor the Express Warranty.

44. The Defendants' failure to honor the Express Warranty constitutes a breach of contract.

45. The Defendants' failure to honor the Express Warranty constitutes a violation of the Magnuson-Moss Warranty Act 15 U.S.C. §2301 et. seq.

## Count V

### Breach of Implied Warranty of Merchantability

46. The Plaintiff incorporates paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. The Defendants, The Flooring Center, LLC, Certified Carpet Distributors, Inc. and Next Floor, Inc., breach the implied warranty of merchantability on the subject flooring since the flooring sold to the Plaintiff was not reasonably fit for its ordinary and intended purpose.

## Count VI

### Unlawful Acts and Practices

48. The Plaintiff incorporates paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. The Defendants' acts and omissions as described herein constitute unlawful acts and practices in accordance with W.Va. Code §46A-6-104.

## Count VII

### Joint Venture

50. The Plaintiff incorporates paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. The Defendants were involved in a joint venture to supply and install the flooring at The Char House.

52. Since the Defendants were involved in a joint venture, they are not only liable for their own acts and omissions but they are also jointly and severally liable for the acts and omissions of the other Defendants.

## Count VIII

### Negligent, Intentional, Reckless, Willful, Fraudulent or Otherwise Wrongful Misconduct

53. The Plaintiff incorporates paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. The Defendants' acts and omissions described herein constitute negligent, intentional, reckless, willful, fraudulent or otherwise wrongful misconduct.

WHEREFORE, Plaintiff prays that this Court enter a judgment order granting Plaintiff all the damages it is entitled to, including but not limited to, monetary damages for the cost of purchasing new flooring and having it installed, a refund for all payments the Plaintiff has made for the existing flooring and its installation, any loss of business, annoyance, aggravation, inconvenience, attorney fees and costs, punitive damages, as well as a pre-judgment and post-judgment interest, and all other and further relief this Court deems appropriate. Said damages being in excess of Seventy Five Thousand Dollars ($75,000.00).

Dated: March 21, 2023

Respectfully submitted,

SCHRADER COMPANION DUFF & LAW, PLLC

/s/ R. Jared Lowe
Frank X. Duff (#1065)
fxd@schraderlaw.com
R. Jared Lowe (#13437)
rjl@schraderlaw.com
401 Main Street
Wheeling, WV 26003
(304) 233-3390

*Attorneys for Nolte Enterprises, LLC*